| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | JS-6 |

**CIVIL MINUTES -- GENERAL**

| | |
|---|---|
| Case No.   **CV 15-8065-JFW (RAOx)** | Date:  January 8, 2016 |

Title:     The Roman Catholic Bishop of Monterrey -v- Salomon Cota, et al.

**PRESENT:**

    **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     ORDER DENYING SAVE THE VALLEY, LLC'S MOTION FOR REMAND OF ACTION [filed 11/13/15; Docket No. 30]

    On November 13, 2015, Intervenor Save the Valley, LLC ("STV") filed a Motion for Remand of Action ("Motion for Remand").  On November 23, 2015, Real Party in Interest United States of America (the "Government") filed its Opposition.  On November 30, 2015, STV filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's December 14, 2015 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.     Factual and Procedural Background**

    On August 28, 2015, STV filed a Motion for Order Allowing Leave to File Complaint in Intervention in Santa Barbara Superior Court.  In its proposed Complaint in Intervention, STV seeks declaratory and injunctive relief to stop the additional development of property on which the Indians of the Santa Ynez Band of Chumash Mission Indians of the Santa Ynez Reservation, California (the "Tribe") now operate a resort and gaming facility based on its claim that the property is not held in trust for the Tribe.  On October 14, 2015, the Government, which is named as a defendant in STV's proposed Complaint in Intervention, removed the Santa Barbara Superior Court action to this Court.  On November 13, 2015, STV filed its Motion for Remand.[1]

---

[1] On November 13, 2015, STV also filed a Motion for Order Allowing Leave to File Complaint in Intervention ("Motion to Intervene"), which the Court addresses in a separate order.

## II. Legal Standard

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."*).*

## III. Discussion

Under 28 U.S.C. § 1442(a)(1), "[a] civil action or criminal prosecution commenced in a State court against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue." 28 U.S.C. § 1442(a)(1); *see also Willingham v. Morgan,* 395 U.S. 402, 406 (1969) ("the right of removal under § 1442(a)(1) is made absolute whenever a suit in a state court is for any act 'under color' of federal office"); Wright and Miller, 14C *Federal Practice and Procedure*, § 3655, fn. 26 ("[T]he Supreme Court apparently is firmly committed to the position that suits in which governmental property rights are challenged in reality are against the United States and are barred by sovereign immunity").

Section 1444 states that "[a]ny action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending."

In this case, the Government, which is named as a defendant in STV's proposed Complaint in Intervention, properly and timely removed this action to federal court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1444.[2] Despite STV's argument to the contrary, the Government did not waive it's right to remove this action or waive sovereign immunity, particularly in light of the fact that the claims STV seeks to litigate in its proposed Complaint in Intervention are significantly different than those litigated in the original quiet title action.

## IV. Conclusion

---

A more complete factual and procedural background of this action is found in the Order denying the Motion to Intervene and will not be repeated here.

[2] The Government removed this action within thirty days of it being served with STV's original Motion for Order Allowing Leave to File Complaint in Intervention on September 21, 2015.

For all the foregoing reasons, STV's Motion for Remand is **DENIED**.

IT IS SO ORDERED.